## C. & O. R. R. Company v. Equitable Trust Company, Administrator.

(Decided February 1, 1924.)

### Appeal from Greenup Circuit Court.

1.   Master and Servant—Instruction Held Erroneous as Requiring Both Conductor and Engineer to Give Warning.—In action for death of member of switching crew, an instruction that, if "said engineer or conductor" negligently failed to warn decedent of a car, to find for plaintiff, was erroneous as requiring that both the engineer and conductor should notify decedent.

2.  Death—Verdict for $25,000 Held Excessive.—A verdict for $25,000
    was excessive for death of switchman 34 years of age, earning
    about $900 per year, and leaving a widow and two children.

WORTHINGTON, COCHRAN, BROWNING & REED and PRICH-
ARD & MALIN for appellant.

S. S. WILLIS, A. R. JOHNSON, A. D. COLE and D. E. ERNST
for appellee.

OPINION OF THE COURT BY JUDGE ROBINSON—Reversing.

This is a second appeal of this case, the first opinion being reported in 197 Ky. 139, 246 S. W. 117.

Upon the first trial the lower court peremptorily instructed the jury to return a verdict for the C. & O. R. R. Company, the appellant herein. This judgment, however, was reversed by this court and upon a retrial of the cause the jury returned a verdict in favor of appellee in the sum of $25,000.00, from which verdict this appeal is prosecuted.

The evidence introduced at the second trial was practically the same as that heard upon the first except in one particular, reference to which will be made hereafter. The material facts of the case are set forth in the opinion of this court upon the former appeal, and it is, therefore, unnecessary to restate them herein.

While appellant relies upon a number of grounds wherein a reversal is sought, we feel it necessary to review only those that we deem entitled to special consideration.

It is earnestly contended that the closing paragraph of instruction No. 1 as given by the court was highly prejudicial to the cause of appellant, which is as follows:

"If the jury should find and believe from the evidence that said engineer *or* conductor on the occasion in question negligently failed to notify or warn decedent of said car on track No. 7 and that such failure, if any there was, was the direct or proximate cause of the decedent being caught between said car on track 7 and so crushed as to then and there kill him,  .  .  .  then the law is for the plaintiff," etc.

The above quoted paragraph would authorize the jury to find for the plaintiff unless it believed that both

the engineer and the conductor warned or should have warned the decedent of the danger, whereas warning by either of them would be a compliance with defendant's duties. Since, however, there is no contention in the record made by either party that any warning was given by the engineer, the words "engineer or" just preceding the word "conductor" should be eliminated from the instruction, so as to confine the warning, if any, as having been given by the conductor, for which there was some supporting testimony.

It is true that in other instructions offered by the court the sufficiency of a warning given by either the conductor or engineer is indicated, and it is insisted by counsel for plaintiff that such indication cured the error above pointed out, which, perhaps, is technically true, and a reversal might not be ordered because of such defect alone in the leading instruction. However, as the judgment must be reversed for reasons hereinafter stated, the court, on another trial, will correct the instructions as indicated.

Attorneys for appellant further contend that the amount of $25,000.00 as awarded appellee was grossly excessive and unwarranted by the evidence.

From the testimony it appears that decedent at the time of his death was 34 years of age, and he left surviving him a widow and two children. For the past two or three years preceding his death his earnings, while working in appellant's yards as a switchman, had been approximately $75.00 per month, or $900.00 per year, and prior to this time he had been employed as a wireman by the Cincinnati Traction Company and the Ironton Electric Company.

The evidence, *supra*, shows that decedent was 34 years of age; therefore, his probable life expectancy was 28 62/100 years and his yearly earning capacity $900.00. Therefore, if the amount of the judgment, namely, $25,-000.00, was placed at 6% interest, it would yield an annual income of $1,500.00, or $600.00 more than his total earnings per year, and in addition the principal sum of $25,000.00 would remain intact at the end of the 28 years, the period of his expectancy.

Therefore, we cannot but feel that the verdict was excessive, and in view of that fact the judgment is reversed for proceedings consistent with this opinion.

Judgment reversed.